IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**REGIONS BANK d/b/a REGIONS MORTGAGE**                                      **PLAINTIFF**

V.                            CASE NO. 3:22-CV-3001

**KEVIN CREEKMORE; AMY CREEKMORE;**
**ANGIE MARIE BROWN,** Heir of Irene Thomas
**JASON SCOTT MANEN,** Heir of Irene Thomas
f/k/a **JASON ACOTT MANEN; MELISSA LYNN**
**PECK,** Heir of Irene Thomas f/k/a **MELISSA**
**MANEN PECK; DANIEL HOWARD THOMAS,**
Heir of Irene Thomas, Executor of the Estate of
Irene Thomas, and the Successor Trustee of the
Thomas Family Living Trust                                                   **DEFENDANTS**

## OPINION AND ORDER

Currently before the Court are a Motion for Summary Judgment (Doc.52), Brief in Support (Doc. 53), and Statement of Facts (Doc. 54) filed by Plaintiff Regions Bank d/b/a Regions Mortgage ("Regions"). No Defendant filed a response to the Motion.

Summary judgment under Federal Rule of Civil Procedure 56(c) is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Summary judgment must enter

> against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

1

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–33 (1986). The moving party is entitled to a judgment as a matter of law when the nonmoving party fails "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 323.

The following facts are undisputed. Regions is the current owner and holder of a Note securing real property owned by Defendants Kevin and Amy Creekmore. *See* Doc. 53, pp. 31–32. Concurrently with the execution of the Note and to secure its payment, the Creekmores executed in favor of and delivered to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Regions and its successors and assigns, a deed of trust on the property. *See id.* at pp. 34–43. This deed of trust was duly acknowledged and recorded in the real property records of Boone County, Arkansas, on October 7, 2008, as Document/Instrument No. 08-006151 ("Security Instrument"). *Id.* The recording of the Security Instrument created a first lien on the real property.

Subsequently, the Creekmores and MERS executed an Extension and Modification Agreement whereby the interest rate and monthly payments due under the Note and Security Instrument were reduced. *Id.* at pp. 31–32, 45–49. The Extension and Modification Agreement was duly acknowledged and recorded in the real property records of Boone County, Arkansas, on April 2, 2011, as Document/Instrument No. 2011001199 ("Modification Agreement" and together with the Note and Security Instrument, "Loan Agreement"). *Id.* at pp. 45–49. MERS assigned and transferred all of its right, title, and interest in the Security Instrument to Regions, as reflected by the Corporate Assignment of Mortgage, filed in the real property records of Boone County, Arkansas, on September

13, 2012, as Document/Instrument No. 2012004820.  *Id.* at pp. 51–52.  Regions is the current owner and holder of the Note and beneficiary of the Loan Agreement.

The Modification Agreement required the Creekmores to make monthly payments in the amount of $641.53, with an additional amount of added to fund escrow, commencing on the first day of March 2011, and on the first day of each month thereafter.  *See id.* at p. 46, ¶ 2.  Under the terms of the Loan Agreement, the Creekmores were required to pay the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.  If they failed to make such payments or failed to comply with any or all of the covenants and conditions of the Security Instrument, then the lender could require immediate payment in full of all outstanding principal and accrued interest owed on the Note.  According to the Loan Agreement, the lender was permitted to enforce the Security Instrument by selling the subject property according to law and in accordance with the provisions set out in the Agreement.

The Creekmores failed to make the required monthly payments under the Loan Agreement.  On May 14, 2019, Regions sent a Notice of Default and Intent to Accelerate to the Creekmores to the subject property's address and to the Creekmores' last known mailing address, via first-class mail, in accordance with the Loan Agreement and the Arkansas Property Code.  *See id.* at pp. 54–73.  The Notice of Default informed the Creekmores that the Loan Agreement was in default and the debt would be accelerated if they did not cure the default by June 18, 2019.  *Id.*

On October 3, 2019, Regions Bank mailed the Creekmores correspondence entitled "Information Provided under Arkansas Code Section 18-50-103(2)(A)," via regular

mail, to the subject property's address and to the Creekmores' last known mailing address, with the following enclosures: 1) Note; 2) Modification Agreement; 3) Security Instrument; 4) Corporate Assignment of Mortgage to Regions; and 5) a payment history showing the date of default. *See id.* at pp. 75–98.  The default was not cured and the Note was accelerated.

On November 8, 2019, Regions sent the Creekmores a Notice of Acceleration to their last known address, 823 W. Alma Ave. Harrison, Arkansas 72601, in accordance with the Loan Agreement and the Arkansas Property Code. *See id.* at pp. 100–03.  The default was still not cured.

The Court therefore finds as follows:

(1) Separate Defendants Brown, Manen, Peck, and Thomas were properly served with the Complaint and summons yet failed to file answers or otherwise defend in this case.  They are all in default pursuant to Rule 55(b)(2), and Regions is entitled to judgment against them.

(2) HUD timely filed an Answer to this matter and subsequently entered into an Agreed Order with Regions Bank in which HUD acknowledged it holds two liens on the subject property recorded with the Boone County Circuit Clerk and Recorder as Document Nos. 2013006084 and 2016001748. (Docs. 12 & 22). As both liens were filed subsequent to Regions's Security Interest, HUD agrees Regions has the priority lien. Accordingly, Regions is entitled to judgment on its confirmation of priority over Peck, Brown, Manen, and Thomas, because its Security Instrument was recorded first in time.

(3) The Creekmores failed to make the June 1, 2019, payment and all subsequent payments. As of July 1, 2023, a total of **$142,189.88**, plus interest and fees, is due. The Creekmores are in default on the Loan Agreement, so Regions is entitled to judgment *in personam* against the Creekmores and *in rem* against the subject property. *See id.* at p. 105 (calculating principal balance and accrued interest).

In view of the above findings, **IT IS ORDERED** that the Motion for Summary Judgment (Doc.52) is **GRANTED**.

Plaintiff Regions is directed to file a brief substantiating its request for attorney's fees and costs, including an itemized bill showing the rates, services performed, and hours reasonably expended by counsel on this matter. This brief should be filed of record by **August 30, 2023**. At the same time, Plaintiff is directed to email to chambers a proposed judgment, order of sale, and related documents regarding the sale of the subject property.

**IT IS SO ORDERED** on this 16th day of August, 2023.

                                                                             _____
                                                                       TIMOTHY L. BROOKS
                                                                    UNITED STATES DISTRICT JUDGE